**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36621**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 583 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 9, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LORI DESHINER STITES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Lori Deshiner Stites appeals from her judgment of conviction for possession of a controlled substance, Idaho Code § 37-2732(c). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Stites was charged with possession of a controlled substance and possession of drug paraphernalia. Stites filed a motion to suppress evidence obtained during a search after a traffic stop. Stites claimed that the officer did not have reasonable suspicion to stop her vehicle, and impermissibly extended the length of the investigatory detention longer than necessary to effectuate the purpose of the stop. After an evidentiary hearing, the district court denied the motion to suppress. Thereafter, Stites entered a conditional plea of guilty to possession of a controlled substance, preserving her right to appeal the district court's denial of her motion to

1

suppress, and the State agreed to dismiss the misdemeanor charge of possession of drug paraphernalia. This appeal followed.

## II.

## ANALYSIS

Stites was stopped by Officer Jones for having an expired registration and for failing to stop her vehicle behind the stop line. Stites asserts that Officer Jones impermissibly extended the investigatory detention longer than necessary to effectuate the purpose of the stop, without her consent, in violation of the Fourth Amendment to the United States Constitution and Article I, § 17 of the Idaho Constitution. Specifically, Stites argues that Officer Jones delayed and exceeded the length of time necessary to investigate and cite her for the violations for which she was stopped in order to wait for a canine unit to arrive. Upon arrival, a drug dog detected the presence of narcotics and the officers located methamphetamine within Stites' purse. Stites contends that the district court erred in denying her motion to suppress evidence from the search on the ground that she was detained longer than necessary to effectuate the purpose of the stop. She does not claim on appeal, as she did below, that the officer did not have reasonable suspicion to stop her vehicle.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).

The determination of whether an investigative detention is reasonable requires a dual inquiry--whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. *State v. Roe,* 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Parkinson*, 135 Idaho 357, 361, 17 P.3d 301, 305 (Ct. App. 2000). An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon,* 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *Roe,* 140 Idaho at 181, 90 P.3d at 931; *State v. Gutierrez,* 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Where a person is detained, the scope of detention must be carefully tailored to its underlying justification. *Roe,* 140 Idaho at 181, 90 P.3d at 931; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305. In this regard, we must focus on the intensity of the detention, as well as its duration. *Roe,* 140 Idaho at 181, 90 P.3d at 931. The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case. *Id.*; *Parkinson*, 135 Idaho at 361, 17 P.3d at 305.

> The district court found:

> The Court finds Officer Jones stopped the Defendant at 1:31 a.m. on May 11, 2008. As the officer conducted his investigation, extra time was required because under the circumstances the officer had to check out registration, car ownership, and licenses in two different states as well as insurance issues. During that time, Officer Jones called for a canine unit at 1:41 a.m. Officer Nance arrived with the canine approximately 11 minutes later at 1:52 a.m. and immediately ran the dog around the outside of the vehicle. The Defendant was on scene 21 minutes before the canine unit arrived and conducted the sniff of the vehicle.

The district court's factual findings are supported by substantial evidence in the record. The officer's testimony was consistent relative to the time frames involved, and was verified by records. Officer Jones testified that Stites' vehicle had an expired Montana registration and Stites told Officer Jones that the car belonged to her parents. Officer Jones, therefore, testified that he had to run checks in both Montana and Idaho. In addition, because she said she did not own the vehicle, Officer Jones testified that he had to verify the ownership and match the vehicle to the registration. Stites also did not have proof of insurance and was cited for that violation. Officer Jones testified that, because of the registration and ownership checks, the stop was a "bit longer than a normal traffic stop." Additionally, the district court's finding that Officer Jones

called for the canine unit, contemporaneously with processing the information relative to the purpose of the traffic stop, is supported by the testimony in the record. Finally, the evidence reflects that the drug dog was deployed, as the district court found, immediately upon arrival.

The district court determined that the length of the stop was not unreasonable and, in fact, was reasonable under the circumstances. While Stites testified she felt that Officer Jones was taking his time writing the citation in order to await the canine unit, and that he told her that she had to wait for the canine unit, the district court specifically found the officer's "testimony and recollection of the evidence to be more credible than that of the defendant." Credibility is a determination solely for the district court. *Valdez-Molina*, 127 Idaho at 106, 897 P.2d at 997. Officer Jones testified that when the canine unit arrived he was talking with Stites regarding the citation, and Officer Nance confirmed that when he arrived Officer Jones was standing outside of the vehicle talking to Stites.

Brief inquiries not otherwise related to the initial purpose of the stop do not necessarily violate a detainee's Fourth Amendment rights. *Roe,* 140 Idaho at 181, 90 P.3d at 931. Although an investigative detention must ordinarily last no longer than is necessary to effectuate the purpose of the stop, a detention initiated for one investigative purpose may disclose suspicious circumstances that justify expanding the investigation to other possible crimes. *State v. Chapman*, 146 Idaho 346, 350, 194 P.3d 550, 554 (Ct. App. 2008). The district court determined that it was not unreasonable for Officer Jones to expand the scope of questioning based upon the following facts:

> As Officer Jones initially approached the vehicle and before he spoke to the Defendant, he observed the Defendant frantically searching her purse. Officer Jones also recalled he had met the Defendant before in a prior event involving drugs and that the Defendant was on probation for drugs. Officer Jones questioned the Defendant and found her answers to be evasive or at least equivocal.

The district court's factual findings are supported by substantial evidence in the record. Both Officer Jones and Stites testified that she was frantically digging in her purse as the officer approached and before he asked her for any information. They recognized each other from the prior event and discussed that fact. Officer Jones asked Stites if there were illegal drugs in the vehicle and whether he could search the vehicle. While he believed that by her response she consented to a search, he testified that her answers were evasive. Officer Jones asked Stites to

4

step out of the vehicle to gather additional information, but did not conduct a search at that time. Under these circumstances and, in particular, Officer Jones' testimony regarding the continuous processing of the investigation related to the purpose of the initial stop, the scope of the search was not improperly expanded.

## III.

## CONCLUSION

The investigatory detention was not impermissibly extended longer than necessary to effectuate the purpose of the stop. The district court's order denying Stites' motion to suppress is affirmed.

Chief Judge LANSING and Judge MELANSON, **CONCUR.**